UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

JOSHUA TREADWELL,                          )
                                           )
                    Plaintiff,             )
                                           )
        v.                                 )        No. 2:24-cv-00329-JPH-MG
                                           )
SAMUEL BYRD,                               )
CENTURION HEALTH,                          )
                                           )
                    Defendants.            )

## ORDER SCREENING COMPLAINT AND DIRECTING FURTHER PROCEEDINGS

Plaintiff Joshua Treadwell is a prisoner currently incarcerated at Wabash Valley Correctional Facility. He alleges in this civil action that Defendants violated his constitutional rights by failing to properly treat his knee pain. Because the plaintiff is a "prisoner," this Court must screen the complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c).

## I. Screening Standard

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

1

(2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Complaint

The complaint names two defendants: Dr. Samuel Byrd and Centurion Health (Centurion). Plaintiff's factual allegations, as summarized here, are accepted as true at the pleading stage. *See Lisby v. Henderson*, 74 F.4th 470, 472 (7th Cir. 2023). In July 2022, Plaintiff was experiencing pain and swelling in his left knee that made it difficult for him to walk. He submitted healthcare request forms and grievances. He was eventually seen by a nurse who submitted a request that he be seen by Dr. Byrd.

He was not scheduled to see Dr. Byrd, so he submitted another healthcare request form. He was again seen by a nurse who ordered a sleeve for his knee and submitted a request for an X-ray. A few weeks later, he was seen by Dr. Byrd who prescribed Meloxicam. Plaintiff returned to Dr Byrd and informed him that the Meloxicam was not effective in treating the pain, so Dr. Byrd ordered an X-ray. The X-ray results were normal, but Plaintiff continued to experience pain and swelling in his knee.

Dr. Byrd then gave Plaintiff an injection in his knee, but that only made the pain and swelling worse. Plaintiff requested an MRI, but Dr. Byrd told him

that Centurion would not allow that because it was too expensive. Plaintiff continues to experience knee pain whenever he walks. He seeks injunctive relief and compensatory and punitive damages.

### III. Discussion of Claims

Applying the screening standard to the factual allegations in the complaint, Plaintiff's Eighth Amendment deliberate indifference claims shall proceed against Defendants as pleaded in his complaint.

The claim against Centurion proceeds under the theory recognized in *Monell v. New York City Dep't of Social Services*, 436 U.S. 658 (1978), based on the allegation that Plaintiff was denied effective medical care due to cost.

These claims are the only viable claims identified by the Court. If the plaintiff believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through October 24, 2024,** in which to file a motion to reconsider the screening order.

### IV. Service of Process

The **clerk is directed** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to Defendants in the manner specified by Rule 4(d). Process shall consist of the (dkt. [1]), applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

The **clerk is directed** to serve the Centurion employees electronically.

Defendant Byrd is identified as employees of Centurion. Centurion is ORDERED to provide the full name and last known home address of Dr. Byrd if

3

he does not waive service if they have such information. This information may

be provided to the Court informally or may be filed ex parte.

Nothing in this Order prohibits the filing of a proper motion pursuant to

Rule 12 of the Federal Rules of Civil Procedure.

**SO ORDERED.**

Date: 9/27/2024

*James Patrick Hanlon*

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Electronic service to Centurion:
        Dr. Byrd

JOSHUA TREADWELL
250421
WABASH VALLEY - CF
Wabash Valley Correctional Facility
6908 S. Old US Hwy 41
CARLISLE, IN 47838